UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SN SERVICING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN BANCORP,<br><br>Defendant. | Case No. 17-cv-05614-LHK   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES**<br>Re: Dkt. Nos. 41, 42, 43 |

On October 3, 2018 the parties filed a joint discovery letter asking the Court to resolve a dispute regarding plaintiff SN Servicing Corporation's ("SNSC") Rule 30(b)(6) notice of deposition to defendant Western Bancorp. Dkt. No. 41. Also on October 3, 2018, SNSC unilaterally filed two "discovery dispute statements" seeking to compel Western Bancorp's responses to certain requests for admissions and seeking to compel the production of documents.[1] Dkt. Nos. 42, 43.

SNSC requested a telephonic hearing on an expedited basis on all three discovery disputes. Western Bancorp asserted that no hearing was warranted on the dispute involving the Rule 30(b)(6) deposition notice, but took no position with respect to the remaining disputes. The Court conducted a telephonic hearing on all three disputes on October 5, 2018.

For the reasons stated on the record during the hearing and as supplemented below, the Court finds and orders as follows:

**1.    SNSC's Rule 30(b)(6) Deposition of Western Bancorp**

The Court finds that while SNSC could have served the deposition notice at an earlier date

---

[1] Western Bancorp declined to cooperate in the preparation and submission of the joint discovery letter brief required by this Court's Standing Order for Civil Cases.

and pressed more diligently for a resolution of this dispute, Western Bancorp did not cooperate as an initial matter in the scheduling of the deposition, as it was required to do. In addition, Western Bancorp's objections to the deposition notice (as argued in the joint discovery letter brief) are not well-taken, particularly as a basis for refusing to proceed with a deposition on *any* noticed topic. Accordingly, the Court orders that the deposition of Western Bancorp may proceed, notwithstanding that fact discovery has closed, subject to the following limitations:

First, SNSC may not use the deposition of Western Bancorp as a vehicle to obtain defendant's litigation positions. The Court expects the deposition to focus on discovery of facts. However, the fact that a particular deposition question may touch on or reference Western Bancorp's contentions in this case does not render it objectionable.

Second, SNSC may not obtain deposition testimony on the basis of noticed topics 11, 12, 13 and 16, because those topics, as drafted, do not state with sufficient particularity the matters on which a corporate representative must be prepared to testify.

Third, the parties are reminded of their respective obligations under Fed. R. Civ. P. 30, including the obligation to make objections in compliance with Fed. R. Civ. P. 30(c)(2).

Finally, SNSC may take the deposition of Western Bancorp on or before **October 19, 2018**, unless the parties mutually agree to a different date for the deposition. However, in no event should the deposition be scheduled for a date that would cause the parties to violate remaining deadlines in the Court's Case Management Order (Dkt. No. 25).

**2.     SNSC's Requests for Admission to Western Bancorp**

While SNSC should have brought this dispute to the Court's attention much earlier, Western Bancorp's failure to participate as required in the submission of a joint discovery letter to the Court is not acceptable.

Western Bancorp shall provide further responses to SNSC's requests for admission ("RFAs") as follows:

   a.     RFAs 20-29: The Court construes these RFAs as requests for authentication under Fed. R. Evid. 901. The Court disagrees with SNSC that these RFAs may be fairly read as requests that Western Bancorp admit to receiving particular

2

documents from SNSC. Western Bancorp shall amend its responses to these RFAs to provide answers that comply with Fed. R. Civ. P. 36(a)(4), and may not rely on its objections to refuse to answer.

    b.    RFAs 32, 34-38, 40: Western Bancorp shall amend its responses to these RFAs to provide answers that comply with Fed. R. Civ. P. 36(a)(4), and may not rely on its objections to refuse to answer.

    c.    RFAs 42, 43, 44: Western Bancorp shall amend its responses to these RFAs to provide answers that comply with Fed. R. Civ. P. 36(a)(4), and may not rely on its objections to refuse to answer.

    d.    RFA 45: Western Bancorp shall amend its responses to these RFAs to provide answers that comply with Fed. R. Civ. P. 36(a)(4), and may not rely on its objections to refuse to answer.

Western Bancorp's further responses to these RFAs must be served no later **than October 19, 2018**. The further responses shall comply with Civil L.R. 36-1.

### 3. SNSC's Requests for Production of Documents to Western Bancorp

Western Bancorp has produced no documents in response to any of SNSC's requests. Western Bancorp refuses to produce any documents in this action on the ground that some subset of responsive documents was produced in a different action several years ago. While SNSC should have brought this dispute to the Court's attention much earlier, Western Bancorp's failure to participate as required in the submission of a joint discovery letter to the Court is not acceptable.

Western Bancorp shall produce all documents responsive to SNSC's Requests for Production of Documents Nos. 1-48, preferably on a rolling basis, no later than **October 26, 2018**.

### 4. Western Bancorp's Assertion of Privilege

If accurate, Western Bancorp shall confirm in a writing addressed to plaintiff's counsel that Western Bancorp is not withholding any responsive documents from production on grounds of attorney-client privilege or attorney work product protection, save those documents reflecting communications between counsel and client after the filing of the complaint in this action. Any

privileged communications that post-date the filing of the complaint in this action need not be logged or otherwise identified in order to preserve defendant's claim of privilege.

**IT IS SO ORDERED.**

Dated: October 5, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge